UNITED STATES DISTRICT COURT
for the Western District of North Carolina
Asheville Division

| | |
|---|---|
| Thomas Sanders McMillan, III,<br><br>         Plaintiff,<br>v.<br><br>Joseph Marion Fisher,<br>         Defendant. | C/A No._____<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded - Negligence/Gross Negligence/Negligence *Per Se*) |

Plaintiff ("McMillan"), complaining of Defendant ("Fisher"), alleges that:

1. McMillan is a citizen and resident of South Carolina.

2. Upon information and belief, Fisher is a citizen and resident of Louisiana.

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there exists complete diversity of citizenship between the parties, and the amount in controversy in this case exceeds $75,000.00, exclusive of costs and interest.

4. This court has personal jurisdiction over Fisher, who chose to operate a motor vehicle on the roads of North Carolina. N.C. Gen. Stat. Ann. §§ 1-75.4(3) and 1-105 provide for North Carolina's jurisdiction over Fisher, who purposefully availed himself of the rights and privileges of North Carolina law as a motorist; and the exercise of personal jurisdiction over a nonresident motorist who causes an automobile accident in North Carolina does not violate the traditional notions of fair play and substantial justice.

5. Venue is proper in this division because the events and omissions giving rise to Plaintiff's claims occurred in Jackson County, North Carolina ("Jackson").

6. On February 18, 2023, and at the time of the motor vehicle collision described herein, McMillan was lawfully, carefully, and in accordance with all rules of the road operating his 2008 Ford F-150 ("Ford") and heading west on US-64 in Jackson.

7. At the same time, Fisher was operating Kathleen Macolly's 2004 8-cylinder Chevrolet Corvette (the "Sports Car") and heading east on US-64 in Jackson.

8. Fisher, operating the Sports Car at a grossly negligent, excessive speed, veered completely over into the McMillan's lane and violently struck McMillan as he attempted to exit the roadway entirely to avoid being hit by Defendant's Sports Car.

9. After being struck by the Sports Car, McMillan's Ford spun around, went completely off the roadside, and ended up resting in a ditch, as pictured below:



10. The Sports Car likewise spun around, hitting several signs and objects before finally coming to rest hundreds of yards away from the site of the collision, as pictured below:



11. Fisher owed McMillan and other motorists a duty of reasonable care to operate the Sports Car safely and in accordance with all laws concerning the operation of a motor vehicle.

12. Fisher was negligent, willful, wanton, reckless, and violated the laws of North Carolina and breached the duties he owed McMillan and the public, as follows:

   a) In operating the Sports Car with conscious and intentional disregard of and indifference to the rights and safety of others, which Fisher knew or should have known is reasonably likely to result in injury, damage, or other harm;

   b) In operating the Sports Car with reckless abandon, with willful and wanton disregard of the rights of McMillan, traveling at an excessive speed under the circumstances and while failing to keep a proper lookout, all in violation of N.C.G.S. Sec. 20-140;

   c) In operating the Sports Car at a grossly excessive speed, particularly considering the then existing conditions, in violation of N.C.G.S Sec 20-140(a);

d) In operating the Sports Car without due caution and circumspections at a speed and manner so as to endanger persons and property in violation of N.C.G.S. Sec. 20-140;

e) In operating the Sports Car while failing to keep a proper lookout and observe other vehicles on the roadway;

f) In failing to remain and keep the Sports Car in his easterly lane of traffic;

g) In failing to steer the Sports Car so as to avoid colliding with the Ford;

h) In failing to apply brakes and/or in operating the Sporks Car with improper brakes and in violation of the motor vehicle laws of the state of North Carolina;

i) In driving the Sport Car on a North Carolina public highway and failing to reduce speed to avoid injury in violation of N.C.G.S. Sec 20-141(m);

j) In failing to pay attention to his operation and maintain control of the Sports Car;

k) In failing to yield the right of way to McMillan;

l) In failing to take other evasive action to avoid colliding with Plaintiff;

m) In failing to act as a reasonable and prudent driver would act under the same or similar circumstances and in such other particulars as may be determined through discovery and the trial of this action.

13. Fisher's tortious misconduct was the sole, direct and proximate cause of the injuries and damages McMillan sustained during and following the collision.

14. McMillan is 100% free of fault for the collision described herein.

15. As a direct and proximate result of Fisher's negligent, grossly negligent,

willful, wanton, and reckless conduct and breach of North Carolina law and the duties owed to McMillan and other motorists, McMillan has suffered: both temporary and permanent injuries to his body and property; past and future medical expenses; past and future physical and mental pain and suffering; mental, emotional, and psychological damage; and past and future loss of the quality of life and life's activities.

WHEREFORE, McMillan demands a jury trial and prays judgment against Fisher for actual and consequential damages in excess of $75,000.00 and in an amount justified by the evidence presented at trial, punitive damages, any recoverable attorneys' fees, prejudgment interest, the costs of this action and such other relief as this Court may deem just and proper.

s/ Shaun C. Blake
Shaun C. Blake, Esq. (N.C. Bar 35819)
ROGERS LEWIS JACKSON MANN & QUINN, LLC
1901 Main Street, Suite 1200
Columbia, SC 29201
Phone: 803-256-1268
Fax: (803)252-3653
Email: sblake@rogerslewis.com

March 17, 2023             ATTORNEYS FOR PLAINTIFF